UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DENNIS B.,[1]

    **Plaintiff,**

v.               Civil No. 2:21cv612

COMMISSIONER OF SOCIAL
SECURITY,

    **Defendant.**

## OPINION AND ORDER

    Dennis B. ("Plaintiff"), with the assistance of counsel, brought this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") to deny his claim for disability benefits under Title II of the Social Security Act. Before the Court are: (1) cross-motions for summary judgment and Plaintiff's reply brief; (2) the Report and Recommendation (the "R&R") of the United States Magistrate Judge; (3) Plaintiff's objections to the R&R; and (4) Defendant's response to Plaintiff's objections. For the reasons set forth below, the Court **ADOPTS** the R&R, ECF No. 21; **DENIES** Plaintiff's motion for summary judgment, ECF No. 15; and **GRANTS** the Commissioner's motion for summary judgment, ECF No. 18.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts use only the first name and last initial of any non-government parties in Social Security cases due to privacy concerns endemic to such cases.

## I. Procedural Background

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, this matter was referred to a United States Magistrate Judge for an R&R. On October 5, 2022, the assigned Magistrate Judge issued a detailed R&R recommending that Plaintiff's motion for summary judgment be denied and that the Commissioner's motion for summary judgment be granted. ECF No. 21. By copy of the R&R, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge. Plaintiff filed objections to the Report and Recommendation on October 19, 2022, ECF No. 22, and the Commissioner filed a response to Plaintiff's objections on October 28, 2022, ECF No. 23.

## II. Legal Standard

Under Federal Rule of Civil Procedure 72(b)(3), the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, where a party simply restates the same arguments it raised on summary judgment, de novo review is unnecessary since such restatements do not "constitute an 'objection' for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) (citations omitted). In situations where no proper objection is made, the district court need only review the report and recommendation for

2

clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

In reviewing a final administrative decision, a district court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (alteration in original) (citation omitted). Substantial evidence refers to "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Stated another way, substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (citation omitted). Further, it is not the place of the reviewing court to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Id.

### III. Discussion

Plaintiff offers only one objection to the R&R: that the Magistrate Judge erred in concluding that the ALJ properly assessed medical opinions offered by Plaintiff's treating psychiatrist Dr. William Lemley. ECF No. 22, at 1. Specifically, Plaintiff argues that the Magistrate Judge erroneously "found that the ALJ had complied with the regulations" requiring the "ALJ to explain how

3

[s]he considered both the factor of supportability and the factor of consistency" even though "the ALJ only performed a cursory analysis of the opinion of Dr. Lemley." Id.

### A. Applicable Regulations

Pursuant to 20 C.F.R. § 404.1520(a), an ALJ is required to follow a "five-step sequential evaluation process" when analyzing a claim of disability. Those steps require the ALJ to address: (1) whether the claimant is engaged in substantial gainful activity; (2) the severity of the claimant's medically determinable physical and mental impairments; (3) whether the claimant has an impairment that meets or equals one of the Social Security Administration's listings of official impairments; (4) whether an impairment prevents the claimant from performing any past relevant work in light of the claimant's residual functional capacity ("RFC"); and (5) whether the claimant can make adjustment to employment other than any past relevant work in light of the claimant's RFC, age, education, and work experience. Id.

For disability claims filed on or after March 27, 2017 (such as Plaintiff's), an ALJ will "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)," including the opinion of a claimant's treating physician. 20 C.F.R. § 404.1520c(a). Rather, when assessing any medical opinion, the ALJ must consider five factors: (1) supportability; (2) consistency; (3) relationship with the

4

claimant; (4) specialization; and (5) other factors (including "familiarity with other evidence in a claim"). Id. § 404.1520c(c). Although an ALJ must consider all of the factors, she need only specifically articulate her assessment of the supportability and consistency factors; she may address the other facts as relevant, at her discretion. Id. § 404.1520c(b)(2). Supportability refers to how "relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion[.]" Id. § 404.1520c(c)(1). Consistency refers to how "consistent a medical opinion[] . . . is with the evidence from other medical sources and nonmedical sources in the claim[.]" Id. § 404.1520c(2).

### B. The Parties' Arguments

Plaintiff has asserted, both in his summary judgment briefing and in his objection to the R&R, that the ALJ failed to properly evaluate Dr. Lemley's opinions when assessing Plaintiff's mental RFC. ECF No. 16, at 1; ECF No. 22, at 1. Plaintiff's argument implicates two sets of opinions from Dr. Lemley, a December 2020 medical evaluation report and two identical letters from January 2019 and December 2020 regarding Plaintiff's purported need for a service dog. Each letter states:

> To Whom It May Concern:
>
> This letter is in support of [Plaintiff] having a medical alert service dog.

5

> Due to [Plaintiff's] condition, it would be therapeutic for him to be accompanied by a service dog. It is medically necessary at this time.
>
> Sincerely,
> William Lemley, MD

R. 1176-77. The December 2020 report is a two-page assessment completed at the request of Plaintiff's counsel. R. 1168-73. It required Dr. Lemley to briefly summarize Plaintiff's impairments and prognosis and then provide checkbox answers for twenty "mental functional capacities." R. 1170-71. Dr. Lemley primarily filled in the checkboxes for "mild" or "moderate" but filled in the "marked" checkboxes for five questions regarding Plaintiff's ability to: (1) "understand and remember detailed instructions"; (2) "carry out detailed instructions"; (3) "maintain attention and concentration for extended periods"; (4) "complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods"; and (5) "travel in unfamiliar places or use public transportation." Id. Dr. Lemley described Plaintiff's prognosis as "[g]ood with therapy and medications." R. 1170.

The ALJ chose not to adopt Dr. Lemley's assessments after concluding that his opinions were unpersuasive because they were "not well-supported or consistent with the record as a whole." R. 26. When challenging this analysis on summary judgment, Plaintiff asserted that the ALJ's failure to "cite any specific

6

evidence of record" when assessing Dr. Lemley's statements did "not satisfy the requirements of the prevailing rules and regulations." ECF No. 16, at 10. The Magistrate Judge rejected Plaintiff's argument and concluded that the ALJ had properly considered Dr. Lemley's opinions. ECF No. 21, at 19-26. The Magistrate Judge explained that, although the ALJ did not cite directly to the record evidence when evaluating Dr. Lemley's opinions, her comments referenced her earlier discussion of Plaintiff's "conservative mental health treatment, lack of any treatment for 19 months from 2018 to 2020, and multiple normal mental status examinations," where she had cited directly to the record. Id. at 20; see also id. at 25. After providing a meticulous review of the ALJ's analysis, the Magistrate Judge concluded that the "ALJ's decision is well-supported by the medical record in this case." Id. at 26.

Plaintiff now argues that, because "the ALJ only performed a cursory analysis" of Dr. Lemley's opinions, the Magistrate Judge erroneously "found that the ALJ had complied with the regulations" requiring the "ALJ to explain how [s]he considered both the factor of supportability and the factor of consistency." ECF No. 22, at 1. In response, the Commissioner argues that: (1) Plaintiff improperly restates the same argument he raised on summary judgment, which the Magistrate Judge considered and rejected; and (2) the Magistrate Judge correctly determined that the ALJ properly

7

assessed Dr. Lemley's opinions and that the ALJ's decision is supported by substantial evidence. ECF No. 23, at 1, 3.

Indeed, Plaintiff's objection does closely track the single issue raised in Plaintiff's motion for summary judgment. To the extent Plaintiff merely restates the same argument that the Magistrate Judge already analyzed and rejected (as the Commissioner asserts), that is not a valid objection and requires only clear error review by this Court. Nichols, 100 F. Supp. 3d at 497; Diamond, 416 F.3d at 315. However, erring on the side of caution, the Court considers Plaintiff's objection de novo to address his assertion that the Magistrate Judge misapplied the relevant case law in reaching the conclusion that the ALJ properly evaluated Dr. Lemley's opinion.[2]

### C. Analysis

After de novo review of the relevant portions of the record, the Court overrules Plaintiff's objection. The Magistrate Judge appropriately found that the "ALJ committed no error in evaluating the medical opinions of Dr. Lemley" and that the ALJ's decision is supported by substantial evidence. ECF No. 21, at 19, 26. Notwithstanding Plaintiff's arguments to the contrary, the ALJ properly considered both Dr. Lemley's December 2020 medical assessment and Dr. Lemley's service dog letters, clearly

---

[2] The Court has reviewed the remainder of the analysis in the R&R under a clear error standard and finds that no clear error was committed.

articulating her analysis of the key supportability and consistency factors. With respect to the December 2020 assessment, the ALJ determined that Dr. Lemley's contemporaneous notes regarding Plaintiff's treatment did not support the limitations set forth in the assessment. R. 26. The ALJ further concluded that the assessment was not consistent with Plaintiff's medical record because the medical record generally offered "no objective evidence of significant cognitive deficit" and demonstrated Plaintiff "had only conservative treatment for his mental impairments with no treatment in 2018-2020" and "good mental status examinations." Id.

With respect to the letters, the ALJ explained that Dr. Lemley's opinion regarding Plaintiff's need for a service dog was not well supported because at least one of the letters was written at Plaintiff's request and, regardless, the letters were "vague as to why [Dr. Lemley] believes [Plaintiff] needs a service dog" and are not supported by Plaintiff's record of "limited mental health treatment and mental status examinations." R. 26-27. Similarly, the ALJ further concluded that although the medical record included references to a "service dog," "companion dog," or "emotional support dog," it was nonetheless not consistent with the conclusion that Plaintiff medically required a service dog. Id. In particular, the ALJ explained that: (1) the record included "no prior prescription [for a service dog]"; (2) Plaintiff "was not

9

seen with his dog at any [medical] visits"; (3) Plaintiff testified that "his dog died in about October 2020, and he has a puppy which [would] not be 'trained' for 1 year," meaning that Plaintiff did not have a service dog at the time of the hearing, nor would he have one for at least a year thereafter; and (4) "nothing in the record [] show[ed] that his [prior] dog was trained to do anything," whereas a true service dog "is individually trained to do work or perform tasks for a person with a disability." Id.

The ALJ's analysis of Dr. Lemley's statements referenced and followed from the ALJ's earlier discussion of Plaintiff's conservative mental health treatment and normal mental status examinations. Id. at 18-19, 26. In that earlier discussion, the ALJ cited directly to the key record evidence. Id. at 18-19. Reading these parts of the decision in concert makes it clear that the ALJ has sufficiently explained and supported her conclusion that Dr. Lemley's opinions were not persuasive. As the Magistrate Judge correctly explained, an "ALJ need not repeat pertinent findings multiple times throughout a ruling for the purpose of supporting individual conclusions." ECF No. 21, at 21 (citing McCartney v. Apfel, 28 F. App'x 277, 279 (4th Cir. 2002) (per curiam); Kiernan v. Astrue, No. 3:12cv459, 2013 WL 2323125, at *5 (E.D. Va. May 28, 2013)).

Plaintiff takes issue with the Magistrate Judge's reliance on McCartney and Kiernan, arguing that, because those cases concerned

10

objections to a different step in the ALJ's analysis, they have no applicability here. The Court is not persuaded. While it is true that the plaintiffs in McCartney and Kiernan challenged each respective ALJ's analysis at step three of the five-step evaluation, the reasoning in those opinions applies with equal force to the RFC assessment Plaintiff challenges here. The McCartney court stated plainly, "we agree with the district court that the ALJ need only review medical evidence once in his decision," and therefore the court rejected the "unsubstantiated claim that the ALJ must have analyzed the medical evidence at step three, rather than at step four." 28 F. App'x, at 279. Similarly, although the Kiernan court held that "there is no requirement that [the ALJ] rehash [his] discussion [of the claimant's medical evidence] in his Step 3 analysis," 2013 WL 2323125, at *5, the holding's supporting logic — i.e., that an ALJ's discussion at one step can bolster the analysis at another — applies readily here.

Each step of an ALJ's decision must, of course, comply with the applicable regulations and provide sufficient detail to ensure meaningful judicial review. But the decision must also be read and considered in its entirety. See Smith v. Astrue, 457 F. App'x 326, 328 (4th Cir. 2011) (per curiam) ("Reading the ALJ's decision as a whole, substantial evidence supports the [ALJ's] finding at step three . . . [in light of] the ALJ's analysis at subsequent steps[.]" (emphasis added)). Where appropriate, the ALJ may

11

reference discussion and record evidence contained elsewhere in her decision, rather than robotically repeating herself, as long as a court, reviewing the decision as a whole, can conclude that the ALJ's findings are supported by substantial evidence.[3]

The cases Plaintiff cites do not suggest otherwise. In Dowling v. Comm'r of Soc. Sec. Admin., the Fourth Circuit analyzed an ALJ's assessment of a treating physician's opinion under the old standard governing medical opinion evidence. 986 F.3d 377, 384 n.8 (4th Cir. 2021). As the Dowling court noted, that standard has been replaced by 20 C.F.R. § 404.1520c for claims, like Plaintiff's, that were filed after March 27, 2017. Id. Under the old standard, a treating physician's opinion was entitled to "controlling weight" as long as it was "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [was] not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c). If an ALJ determined that such an opinion was *not* entitled to controlling weight, she was required to analyze six regulatory factors to determine how much weight to give the opinion. Id. The new rule has done away with the so-called "treating physician rule," and although the ALJ is still required to consider substantially

---

[3] As the Commissioner correctly argues, numerous other district courts within the Fourth Circuit have arrived at this same conclusion. See ECF No. 23, at 5-6 (collecting, as examples, cases from the Eastern District of Virginia, District of South Carolina, Middle District of North Carolina, and Western District of North Carolina).

similar regulatory factors, the ALJ need only specifically articulate two of the factors (supportability and consistency), as discussed above. 20 C.F.R. § 404.1520c(b)(2). In Dowling, the court held that the ALJ erred under the old standard by discussing only the supportability and consistency factors. 986 F.3d at 385. That holding simply has no application here.

The other two decisions Plaintiff cites fare no better because they are factually distinguishable in significant ways. In Jaworski R. v. Kijakazi, the ALJ had stated, without explanation, that a physician's opinion was not supported or consistent with the medical record as a whole. No. 3:20cv797, 2022 WL 203749, at *7 (E.D. Va. Jan. 6, 2022), report and recommendation adopted, No. 3:20cv797, 2022 WL 200364 (E.D. Va. Jan. 21, 2022) ("The ALJ's general citation to Dr. Scott's opinion and blanket statement that the opinion was not supported by and consistent with the record, without more, does not allow the Court to meaningfully review the ALJ's conclusion that Dr. Scott's opinion was only partially persuasive."). Similarly, in Paul B. v. Kijakazi, the ALJ's analysis of a physician's opinion had not addressed supportability at all and had provided no explanation for the conclusion that the opinion was inconsistent with the record. No. 6:20cv78, 2022 WL 989242, at *4 (W.D. Va. Mar. 31, 2022) ("The ALJ appears to have entirely overlooked the supportability analysis [and] . . . his perfunctory consistency analysis . . . leaves the Court to

reverse-engineer his reasoning."). Here, the Court need not engage in any such reverse-engineering because the ALJ clearly articulated <u>why</u> she concluded Dr. Lemley's opinions were neither properly supported nor consistent with Plaintiff's medical record, and in doing so, the ALJ appropriately referenced (rather than repeating) her earlier analysis of specific record evidence. <u>See</u> ECF No. 21, at 19-26.

Plaintiff's objection to the R&R is therefore overruled. The Magistrate Judge did not err in concluding either that the "ALJ committed no error in evaluating the medical opinions of Dr. Lemley" or that "[s]ubstantial evidence in the record supports the ALJ's decision." <u>Id.</u> at 19, 26.

## IV. Conclusion

For the reasons explained above, the R&R is **ADOPTED**, ECF No. 21, Plaintiff's motion for summary judgment is **DENIED**, ECF No. 15, the Commissioner's motion for summary judgment is **GRANTED**, ECF No. 18, and the final decision of the Commissioner is **AFFIRMED**.

The Clerk is requested to forward a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ 
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 27, 2023

14